Opinion issued December 5, 2002











In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-01-01159-CR

____________


RODERICK NIKITA HENDERSON, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 174th District Court

Harris County, Texas

Trial Court Cause No. 855649






MEMORANDUM OPINION

 Appellant, Roderick Nikita Henderson, was convicted by a jury of sexual
assault. The jury also found the allegations contained in two enhancement paragraphs
to be true, and assessed punishment at 50 years' confinement. We affirm.

 Appellant's court-appointed counsel filed a motion to withdraw as counsel
and a brief concluding that the appeal is wholly frivolous and without merit. The
brief meets the requirements of Anders v. California, 386 U.S. 738, 744, 87 S. Ct.
1396, 1400 (1967), by presenting a professional evaluation of the record and
demonstrating why there are no arguable grounds of error to be advanced. See High
v. State, 573 S.W.2d 807, 811 (Tex. Crim. App. 1978); Moore v. State, 845 S.W.2d
352, 353 (Tex. App.--Houston [1st Dist.] 1992, pet. ref'd).

 Counsel sent a copy of the brief and the appellate record to appellant, and
advised him of his right to file a pro se brief. See Stafford v. State, 813 S.W.2d 503,
510 (Tex. Crim. App. 1991). More than 30 days have passed, and appellant has not
filed a pro se brief. We have carefully reviewed the record and counsel's brief. We
find no reversible error in the record, and agree that the appeal is wholly frivolous.

 We affirm the judgment.

 We grant counsel's motion to withdraw. (1) See Stephens v. State, 35 S.W.3d
770, 771 (Tex. App.--Houston [1st Dist.] 2000, no pet.). 

PER CURIAM


Panel consists of Justices Nuchia, Jennings, and Radack.

Do not publish. Tex. R. App. P. 47.
1. Counsel still has a duty to inform appellant of the result of this appeal and also
to inform appellant that he may, on his own, pursue discretionary review in the
Texas Court of Criminal Appeals. See Ex parte Wilson, 956 S.W.2d 25, 27
(Tex. Crim. App. 1997).