Opinion issued June 26, 2003













In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-01-01070-CR

____________


RICHARD JOE CORONADO, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 339th District Court

Harris County, Texas

Trial Court Cause No. 857349






MEMORANDUM OPINION

 Appellant, Richard Joe Coronado, was convicted by a jury of aggravated
robbery. The trial court assessed punishment at confinement for 25 years. We affirm.

 Appellant's court-appointed counsel filed a motion to withdraw as counsel
and a brief concluding that the appeal is wholly frivolous and without merit. The
brief meets the requirements of Anders v. California, 386 U.S. 738, 744, 87 S. Ct.
1396, 1400 (1967), by presenting a professional evaluation of the record and
demonstrating why there are no arguable grounds of error to be advanced. See High
v. State, 573 S.W.2d 807, 811 (Tex. Crim. App. 1978); Moore v. State, 845 S.W.2d
352, 353 (Tex. App.--Houston [1st Dist.] 1992, pet. ref'd).

 The brief states that a copy was delivered to appellant, whom counsel
advised by letter of his right to examine the appellate record and file a pro se brief. 
See Stafford v. State, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991). More than 30
days have passed, and appellant has not filed a pro se brief. We have carefully
reviewed the record and counsel's brief. We find no reversible error in the record,
and agree that the appeal is wholly frivolous.

 We affirm the judgment.

 We grant counsel's motion to withdraw. (1) See Stephens v. State, 35 S.W.3d
770, 771 (Tex. App.--Houston [1st Dist.] 2000, no pet.). 

PER CURIAM


Panel consists of Chief Justice Radack, and Justices Alcala and Higley.

Do not publish. Tex. R. App. P. 47.2(b).
1. Counsel still has a duty to inform appellant of the result of this appeal and also
to inform appellant that he may, on his own, pursue discretionary review in the
Texas Court of Criminal Appeals. See Ex parte Wilson, 956 S.W.2d 25, 27
(Tex. Crim. App. 1997).