Opinion issued July 17, 2003













In The

Court of Appeals

For The

First District of Texas

____________


NOS. 01-02-01323-CR

 01-02-01324-CR

____________


WILLIE WARE, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 174th District Court

Harris County, Texas

Trial Court Cause Nos. 884021 and 884020






MEMORANDUM OPINION

 Appellant, Willie Ware, pleaded guilty to two charges of sexual assault
without a plea bargain agreement. After the preparation of a presentence
investigation report, the trial court assessed punishment in each case at confinement
for 10 years. We affirm.

 Appellant's court-appointed counsel filed a motion to withdraw as counsel
and a brief concluding that the appeals are wholly frivolous and without merit. The
brief meets the requirements of Anders v. California, 386 U.S. 738, 744, 87 S. Ct.
1396, 1400 (1967), by presenting a professional evaluation of the record and
demonstrating why there are no arguable grounds of error to be advanced. See High
v. State, 573 S.W.2d 807, 811 (Tex. Crim. App. 1978); Moore v. State, 845 S.W.2d
352, 353 (Tex. App.--Houston [1st Dist.] 1992, pet. ref'd).

 The brief states that a copy was delivered to appellant, along with a copy
of the appellate record. Counsel also advised appellant of his right to file a pro se
brief. See Stafford v. State, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991). More than
30 days have passed, and appellant has not filed a pro se brief. We have carefully
reviewed the record and counsel's brief. We find no reversible error in the record,
and agree that the appeals are wholly frivolous.

 We affirm the judgments.

 We grant counsel's motion to withdraw. (1) See Stephens v. State, 35 S.W.3d
770, 771 (Tex. App.--Houston [1st Dist.] 2000, no pet.). 

PER CURIAM


Panel consists of Chief Justice Radack, and Justices Alcala and Higley.

Do not publish. Tex. R. App. P. 47.2(b).
1. Counsel still has a duty to inform appellant of the result of this appeal and also
to inform appellant that he may, on his own, pursue discretionary review in the
Texas Court of Criminal Appeals. See Ex parte Wilson, 956 S.W.2d 25, 27
(Tex. Crim. App. 1997).