Opinion issued September 18, 2003













In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-02-00708-CR

____________


FRANCISCO SANCHEZ, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 262nd District Court

Harris County, Texas

Trial Court Cause No. 837962






MEMORANDUM OPINION

 Appellant, Francisco Sanchez, pleaded true to the State's motion to
adjudicate guilt. In accordance with a plea bargain agreement, the trial court assessed
punishment at confinement for four years and a $500 fine. We affirm.

 Appellant's court-appointed counsel filed a motion to withdraw as counsel
and a brief concluding that the appeal is wholly frivolous and without merit. The
brief meets the requirements of Anders v. California, 386 U.S. 738, 744, 87 S. Ct.
1396, 1400 (1967), by presenting a professional evaluation of the record and
demonstrating why there are no arguable grounds of error to be advanced. See High
v. State, 573 S.W.2d 807, 811 (Tex. Crim. App. 1978); Moore v. State, 845 S.W.2d
352, 353 (Tex. App.--Houston [1st Dist.] 1992, pet. ref'd).

 The brief states that counsel sent a copy of the brief and the entire appellate
record to appellant, whom counsel advised of his right to file a pro se brief. See
Stafford v. State, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991). More than 30 days
have passed, and appellant has not filed a pro se brief. We have carefully reviewed
the record and counsel's brief. We find no reversible error in the record, and agree
that the appeal is wholly frivolous.

 We affirm the judgment of the trial court.

 We grant counsel's motion to withdraw. (1) See Stephens v. State, 35 S.W.3d
770, 771 (Tex. App.--Houston [1st Dist.] 2000, no pet.). 

PER CURIAM


Panel consists of Justices Taft, Jennings, and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).
1. Counsel still has a duty to inform appellant of the result of this appeal and also
to inform appellant that he may, on his own, pursue discretionary review in the
Texas Court of Criminal Appeals. See Ex parte Wilson, 956 S.W.2d 25, 27
(Tex. Crim. App. 1997).