### CITY OF HOUSTON v. H. H. DOOLEY.

Decided October 27, 1905.

**City Charter—Suit for Taxes—Construction of Statutes.**

A city charter, passed in 1903, and in force when this suit was brought, contained the following paragraph: "All taxes due by property owners on any and all property for the year 1875 up to and including the year 1896, and for all years to come until otherwise provided by the charter, as appears upon the tax rolls of the city, may be collected by suit from delinquents and foreclosure of the liens thereon in any·court having jurisdiction of the same," etc. It is the duty of the courts to "try out the right intendment" of the statutes upon which they are called to pass, and to give effect to such intendment if possible. Therefore the expression "for all years to come," in the above paragraph, should be construed to mean to come after 1896, and not to come after the passage of the charter.

Appeal from the District Court of Harris County. Tried below before Hon. Norman G. Kittrell.

*T. H. Stone* and *W. J. Howard,* for appellant.—The charter of the city of Houston (1903) confers upon said city the right by suit, in the District Court, to recover taxes due and owing it for the year 1902, on any and all property situated in said city, and to enforce the lien for such taxes against such property upon which the same are due and owing. Charter of the City of Houston (1903), sec. 15, art. 1; Special Laws of the 28th Legislature.

Taxes owing a municipality, and due on property therein situated,

constitute a debt or personal liability against the owner of such property in favor of such municipality, and unless expressly restrained by some constitutional provision or by legislative enactment in its charter, or otherwise, such city or municipality has the right to recover by suit in the District Court in the county wherein such property is located, any taxes so legally due and owing it. Ollivier v. City of Houston, 93 Texas, 206; City of Henrietta v. Eustis, 87 Texas, 14; Howard v. City of Houston, 59 Texas, 76; Ollivier v. City of Houston, 22 Texas Civ. App., 57; Charter of the City of Houston, sec. 15, art. 1; Trust Co. v. City of Oak Cliff, 8 Texas Civ. App., 219; Special Acts of the 28th Legislature.

*Stewart, Stewart & Lockett,* for appellee.—The city of Houston under the provision of the law governing it (the Charter of 1903) has no right to bring any action for taxes for any year subsequent to the year 1896. Special Laws, 26th Leg., pp. 187, 188; Sutherland on Statutory Construction, sec. 328; Howard v. City of Houston, 59 Texas, 76; City of Henrietta v. Eustus, 87 Texas, 14; Williams v. Davidson, 43 Texas, 34; City of Galveston v. Loonie, 54 Texas, 525; Brenham v. Water Co., 67 Texas, 554; Wood v. Galveston, 76 Texas, 132; Lufkin v. Galveston, 73 Texas, 340; Crayton v. Munger, 11 Texas, 235; Cavit v. Archer, 52 Texas, 169; Sutherland on Statutory Construction, sec. 400; Butler v. Dunagon, 19 Texas, 566; Hooper v. Hall, 30 Texas, 159; Sutherland on Statutory Construction, secs. 226, 261, 288, 333, 284, 322, 215, page 461, note, and page 463; Allen v. Galveston, 51 Texas, 321; Erwin v. Blanks, 60 Texas, 585; Gulf, C. & S. F. Ry. Co. v. Rambolt, 67 Texas, 656; Bryan v. Sundberg, 5 Texas, 423; Etter v. Missouri Pac. Ry. Co., 2 App. Civ., 58.

While the city may have had a right to sue in court under the common law, it certainly can not sue when the charter denies that right for certain years, and it does that, for, by every rule of construction the mention of certain things is to the conclusion of those not mentioned. Sutherland on Statutory Construction, sec. 328; Howard v. City of Houston, 59 Texas, 76; City of Henrietta v. Eustus, 87 Texas, 14.

And fair, reasonable doubt concerning the existence of a power in a city is resolved by the courts against the corporation. Williams v. Davidson, 43 Texas, 34; City of Galveston v. Loonie, 54 Texas, 525; Brenham v. Water Co., 67 Texas, 554; Wood v. Galveston, 76 Texas, 132; Lufkin v. Galveston, 73 Texas, 340.

The statute making tax rolls prima facie evidence being in derogation of the common law rules of evidence should be strictly construed. Crayton v. Munger, 11 Texas, 235; Cavit v. Archer, 52 Texas, 169; Sutherland on Statutory Construction, sec. 400; Butler v. Dunagon, 19 Texas, 566; Hooper v. Hall, 30 Texas, 159.

The charter passed in 1903 repealed all other charters of the city of Houston, and all remedies not provided in the charter of 1903. Sutherland on Statutory Construction, secs. 226, 261, 288, 333, 284, 322, 215, p. 461, note, and p. 463; Allen v. Galveston, 51 Texas, 321.

Where there is a conflict between a general and special provision the special provision must prevail. Erwin v. Blanks, 60 Texas, 585; Gulf, C. & S. F. Ry. Co. v. Rambolt, 67 Texas, 656.

Where a statute limits a thing to be done in a particular form it includes in itself a negative, viz: that it should not be done otherwise. Bryan v. Sundberg, 5 Texas, 423; Etter v. Missouri Pac. Ry. Co., 2 App. C., 58.

PLEASANTS, ASSOCIATE JUSTICE.—This suit was brought by the city of Houston against the appellee to recover taxes alleged to be due the city for the year 1902 upon real property of the appellee situate within the city limits, and to foreclose the tax lien upon said property.

The defendant interposed a general demurrer and the following so-called special exception to plaintiff's petition: "And for special exception this defendant says that under the charter of the city of Houston it has no right to bring a suit for taxes as it has done for the year 1902, and of this he prays judgment of the court."

The trial court sustained both the demurrer and the exception and plaintiff declining to amend its suit was dismissed.

The judgment of the trial court recites that the general demurrer was sustained on the ground that under its charter the city was not authorized to institute a suit for taxes due it for the year 1902.

The only question presented for our determination is whether this holding of the trial court is correct.

The charter of the city of Houston, passed in 1903 and in force at the time this suit was brought, contains the following paragraph: "All taxes due by property owners, any and all property for the year 1875 up to and including the year 1896 and for all years to come until otherwise provided by charter, as appears upon the tax rolls of the city, may be collected by suit from delinquents and foreclosure of the liens thereon in any court having jurisdiction of same, etc."

Appellee concedes that the power to sue for taxes exists in a municipal corporation without being expressly granted in its charter, but his contention, which was sustained by the trial court, is that the proper construction of the language of the charter above set out excludes the years from 1896 to 1904, the year succeeding that in which said charter was passed, and that the power to bring suit having been expressly conferred for the years from 1875 to 1896 inclusive and for all years subsequent to the passage of the charter, under the familiar rule that the expression of one thing is the exclusion of others, the city was by necessary implication denied the right to sue for taxes due for the years intervening between 1896 and 1904.

If no other meaning can be given to the words "and for all years to come" as used in the charter than that they refer to the years succeeding that in which the charter was passed, we would be impelled to sustain the judgment of the trial court, it matters not how unreasonable the Act, when so construed, should appear to us. It is not the province of courts to make the law and when the legislative intent is made clear by the language used it must prevail regardless of how unreasonable or inexpedient it may appear. The determination of the question of the expediency or reasonableness of a statute is exclusively within the province of the Legislature.

Courts are not required, however, to give to the words of a statute their literal or most exact meaning when to do so would defeat the

evident purpose and intent of the Legislature in the passage of the law under consideration; and when the words used in one portion of the statute are capable of two constructions that construction will be adopted which will harmonize with the general legislative intent as shown in the whole Act.

Upon this subject our Supreme Court, speaking through. Justice Moore in the case of Russell v. Farquhar, 55 Texas, 355, says: "If courts were in all cases to be controlled in their construction of statutes by the mere literal meaning of the words in which they are couched, it might well be admitted that appellant's objection to the evidence was well taken. But such is not the case. To be thus controlled, as has often been held, would be for the courts, in a blind effort to refrain from an interference with legislative authority by failure to apply well established rules of construction to, in fact, abrogate their own power and usurp that of the Legislature, and cause the law to be held directly the contrary of that which the Legislature had in fact intended to enact. While it is for the Legislature to make the law it is the duty of the court to "try out the right intendment" of statutes upon which they are called to pass, and by their proper construction, to ascertain and enforce them according to their true intent, for it is this intent which constitutes and is in fact, the law and not the mere verbiage used by inadvertence or otherwise by the Legislature to express its intent, and to follow which would pervert that intent."

The Act of 1903 providing a new or amended charter for the city of Houston which contains the paragraph above set out in the broadest terms confers upon the city the right and power to levy and collect taxes upon all property within the city limits and to enforce tax liens thereon. The right generally to sue for taxes and to foreclose tax liens is repeatedly expressly recognized, and when we consider the whole of the section referring to taxes it is manifest that the Legislature intended to recognize and confirm the right of the city to collect by suit all taxes due it subsequent to the year 1875. The right to collect all delinquent taxes by sale of the property is expressly confirmed. It is not conceivable that any reason could exist which would cause the Legislature to authorize suit for the taxes due from 1875 to 1896 and for all years subsequent to 1903 and forbid the bringing of such suit for taxes due for the years between 1896 and 1904, and we think the words "to come" as used in the paragraph above quoted should be construed to mean to come after 1896 in order that the Act should harmonize in all its parts and the true intent of the Legislature be obtained.

As before stated, the charter in which this paragraph occurs, is an amendment, or rather a substitute, for the charter under which the city had been previously acting. It is a matter of history, of which the courts will take judicial cognizance, that Houston has been incorporated for more than forty years, and that its charter has from time to time been amended or substituted by the Legislature.

The charter granted in 1897 contains the exact provision above quoted, and so does the charter of 1899, the last one preceding that of 1903. Many of the provisions of the charter of 1903 are exact copies of the preceding charter which was thereby superseded, and it is perfectly clear from the history of the legislation that this provision of the

charter of 1903 was copied from the charter of 1899 just as it had been copied in that charter from the one passed in 1897. We think it plain that in thus re-enacting the provision of the charter of 1897 the Legislature intended to authorize suits for all taxes due the city for the years 1875 up to and including the year 1896 and all years to come thereafter. Selman v. Wolfe, 27 Texas, 72; Edwards v. Morton, 92 Texas, 152; Holly v. Simons, recently decided by the Supreme Court.

Such being our construction of the statute, it follows that the judgment of the court below should be reversed and the cause remanded, and it has been so ordered.

*Reversed and remanded.*