Lee MOORE, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 01–91–00452–CR, 01–91–00453–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 10, 1992.

Discretionary Review Refused
April 21, 1993.

Greg S. Velasquez, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Linda A. West, Scott Durfee, Asst. Dist. Attys., Houston, for appellee.

Before OLIVER–PARROTT, C.J., and O'CONNOR and WILSON, JJ.

OPINION

O'CONNOR, Justice.

A jury convicted the appellant, Lee Moore, of aggravated robbery[1] and escape.[2] After finding the enhancement paragraphs true, the court sentenced the appellant to confinement in the Texas Department of Criminal Justice for 45 years in each case.

---

**1.** Trial cause number 565450, appeal cause number 01–91–00452–CR.

**2.** Trial cause number 565451, appeal cause number 01–91–00453–CR.

## Fact summary

At about 8:30 p.m., Scothelia Morgan, an employee of Zooby's clothing store, noticed two men enter the store. As she was watching one of the men, the other man came up behind her and placed something in her back. He demanded she open the cash register, but she managed to knock his hand away and jump back.

While Morgan was wrestling with this man, the appellant ushered the store manager to the other side of the counter. The customers were forced to the ground, and Morgan opened one of the cash registers. The appellant grabbed the money from the register while his companion left the store. The appellant left shortly thereafter. Morgan testified she was in fear of imminent bodily injury or death.

Officer J.F. Boody, a city of Houston police officer, was dispatched to an aggravated robbery in progress at Zooby's. When he arrived, he noticed a Harris County deputy had the appellant in custody. Boody then took custody of the appellant and possession of a knife which had been recovered by the Harris County deputy. He patted down the appellant and discovered a large quantity of currency and checks in both of the appellant's front pockets. Boody placed the appellant in the rear of his patrol car and secured the doors and the Plexiglass partition. Boody told the appellant he was under arrest for the offense of aggravated robbery with a deadly weapon, a felony. To secure the crime scene, Boody moved his car back to the front of the store, and he went inside the store to interview witnesses.

While sitting in his car, Vermaurice Brown, who was waiting for his wife, noticed the appellant banging on the side window of the squad car in an attempt to escape. After a while, Brown noticed the appellant was in the front seat of the police car opening the front door and getting out of the car. He saw the appellant run away. Brown yelled for him to stop, but he did not. Brown ran to the front of the store and began banging on the window to alert Boody.

Officer Boody saw Brown chasing the appellant, who was still handcuffed behind the back. Brown chased the appellant for two or three blocks where he ran into the appellant and made him stretch out on the ground. When the appellant started to struggle, Brown sat on him until another citizen came to help. Houston police officers took the appellant back to the store. They found the knife and the evidence bag along the path back to the store.

## 1. Aggravated robbery

The appellant's court-appointed counsel filed a brief in which he stated his opinion is that the appeal of the aggravated robbery conviction is wholly frivolous and without merit. The brief meets the minimum requirements of *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), by presenting a professional evaluation of the record and stating why there are no arguable grounds of error on appeal. *Gainous v. State,* 436 S.W.2d 137, 137–38 (Tex.Crim.App.1969); *see also Currie v. State,* 516 S.W.2d 684, 684 (Tex.Crim. App.1974).

A copy of counsel's brief was delivered to the appellant, and he was advised he had a right to file a pro se brief. The appellant has not filed a brief.

Upon careful review of the record and counsel's brief, we conclude the appeal of the aggravated assault conviction is wholly frivolous and without merit. Further, we find nothing else in the record that might arguably support the appeal.

We affirm the conviction on the aggravated robbery charge.

## 2. Escape

In his sole point of error on the conviction for escape, the appellant argues the evidence is insufficient to support the jury's finding the appellant escaped from the custody of a police officer of an incorporated city.

The Texas Penal Code defines "escape" as:

(a) A person commits an offense if he escapes from custody when he is:

(1) under arrest for, charged with, or convicted of an offense....

TEX.PENAL CODE ANN. § 38.07 (Vernon 1989).

■ "Custody" is defined as "detained or under arrest by a peace officer." TEX.PENAL CODE ANN. § 9.01(2) (Vernon 1977). The appellant was clearly in the custody of a peace officer. "Peace officer" is defined as a "person elected, employed, or appointed as a peace officer under Article 2.12, CODE CRIM.P.ANN. § 51.212 or 51.-214, Education Code, or other law." TEX.PENAL CODE ANN. § 1.07(a)(25) (Vernon Supp.1992). Article 2.12(12) of the Texas Code of Criminal Procedure provides that a peace officer includes "marshalls or police officers of an *incorporated* city, town, or village." (Emphasis added.)

The State presented no evidence to show Houston was an incorporated city. When Officer Boody took the stand, he testified as follows:

Q: Could you state your name for the record?

A: Jeffrey Frank Boody.

Q: How are you employed, sir?

A: As a City of Houston police officer.

The better practice would have been to ask the officer if the City of Houston was an incorporated city. We do not find, however, that the omission is reversible error.

The Court of Criminal Appeals has taken judicial notice of the incorporation of a home rule city in several instances and thus upheld convictions. *Gonzales v. State*, 723 S.W.2d 746, 750 (Tex.Crim.App. 1987) (San Antonio); *Salazar v. State*, 275 S.W.2d 112, 113 (Tex.Crim.App.1955) (El Paso); *Snyder v. State*, 102 S.W.2d 424, 425 (Tex.Crim.App.1936) (San Antonio); *Farmer v. State*, 43 S.W.2d 588, 588–89 (Tex.Crim.App.1931) (Austin); *Fuller v. State*, 32 S.W.2d 358, 359 (Tex.Crim.App. 1930) (Waco); *Blackman v. State*, 20 S.W.2d 783, 784 (Tex.Crim.App.1929) (Amarillo); *see also City of Houston v. Dooley*, 40 Tex.Civ.App. 371, 89 S.W. 777, 778 (Galveston 1905) (Houston). Eighty-seven years ago, this Court held, "It is a matter of history, of which the courts will take judicial cognizance, that Houston has been incorporated for more than 40 years." *Dooley*, 89 S.W. at 778.

In *Payne v. State*, 596 S.W.2d 911, 916 (Tex.Crim.App.1980), the Court of Criminal Appeals held it was not reversible error when the police officer failed to say Houston was an incorporated city. More recently in *Gonzales*, the Court of Criminal Appeals went on to say:

> The theory [of judicial notice] is that, where a fact is well known by all reasonably intelligent people in the community or its existence is *so easily determinable with certainty from sources considered reliable*, it would not be good sense to require formal proof.

*Gonzales*, 723 S.W.2d at 751.

■ The incorporation of the city of Houston is susceptible to judicial notice; therefore, the omission of the allegation of the fact of incorporation was not fatal to the indictment.

We overrule point of error one and affirm the decision of the trial court on the escape conviction.