Opinion issued January 9, 2003













In The

Court of Appeals

For The

First District of Texas

____________


NOS. 01-02-00033-CR

 01-02-00034-CR

____________


PEDRO DELEON MARTINEZ, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 339th District Court

Harris County, Texas

Trial Court Cause Nos. 843764 and 843765






MEMORANDUM OPINION

 Appellant, Pedro Deleon Martinez, pleaded guilty to two charges of
aggravated sexual assault without a plea bargain agreement. After preparation of a
presentence investigation report, the trial court assessed punishment at 35 years'
confinement in each case. We affirm.

 Appellant's court-appointed counsel filed a brief concluding that the
appeals are wholly frivolous and without merit. The brief meets the requirements of
Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967), by presenting
a professional evaluation of the records and demonstrating why there are no arguable
grounds of error to be advanced. See High v. State, 573 S.W.2d 807, 811 (Tex. Crim.
App. 1978); Moore v. State, 845 S.W.2d 352, 353 (Tex. App.--Houston [1st Dist.]
1992, pet. ref'd).

 Counsel certifies that the brief was delivered to appellant, who was advised
of his right to examine the appellate records and file a pro se brief. See Stafford v.
State, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991). More than 30 days have passed,
and appellant has not filed a pro se brief. We have carefully reviewed the records and
counsel's brief. We find no reversible error in the records, and agree that the appeals
are wholly frivolous.

 We affirm the judgments. (1)

PER CURIAM


Panel consists of Chief Justice Radack and Justices Nuchia and Jennings.

Do not publish. Tex. R. App. P. 47.
1. Appellant's counsel has a duty to inform appellant of the result of these
appeals and also to inform appellant that he may, on his own, pursue
discretionary review in the Texas Court of Criminal Appeals. See Ex parte
Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).