Opinion issued March 27, 2003







     







In The
Court of Appeals
For The
First District of Texas




NO. 01-01-01204-CR




A.J. HOOKER, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 180th District Court
Harris County, Texas
Trial Court Cause No. 876,881




MEMORANDUM OPINION

          Appellant, A.J. Hooker, was convicted by a jury for delivery of less than one
gram of cocaine.


 After finding two enhancement paragraphs true, the jury sentenced
appellant to 15 years’ confinement. In two points of error, appellant challenges the
sufficiency of the evidence and contends that his sentence was void. We affirm.
          Factual & Procedural History
          While undercover narcotics officer Arnold Alvarez was at an apartment
complex preparing to execute a search warrant in an unrelated case, appellant
approached Alvarez and asked him what he was looking for. Alvarez replied that he
was looking for a “twenty”—street slang for $20 worth of crack cocaine. A second
man approached and also offered to sell Alvarez drugs; appellant and the other man
argued about whose drugs were better. Alvarez gave appellant a marked $20 bill. 
Appellant went into a nearby apartment; when he came out, he handed Alvarez a
small rock of crack cocaine.
          As these events were transpiring, Alvarez’s partner, undercover officer Brian
Bufkin, was driving up and down the street keeping watch on the area. Although he
did not have the scene continuously under observation, he did see Alvarez with
appellant. As soon as Alvarez gave Bufkin a signal, Bufkin called another officer in
a marked patrol car to move in and arrest appellant. The uniformed officer did so five
to ten seconds later. Alvarez handed the rock of cocaine over to Bufkin, who field-tested it, weighed it, and put it into an evidence bag. The marked $20 bill was never
recovered. Alvarez reported the details of the buy/bust to Bufkin, who wrote up the
official report. All three officers testified that appellant was wearing jeans and a blue
and white striped shirt, clothes in which appellant was dressed in his booking photo. 
          The indictment charged appellant with the offense of knowing and intentional
delivery of a controlled substance by each method defined as “delivery” under the
Health and Safety Code: (1) by offer to sell, (2) by actual transfer, and (3) by
constructive transfer. See Tex. Health & Safety Code Ann. § 481.002(8) (Vernon
Supp. 2003). The trial court granted appellant’s motion for an instructed verdict as
to constructive delivery, but submitted to the jury the issues of delivery by offer to
sell and by actual transfer.
          Appellant’s court-appointed counsel filed a motion to withdraw as counsel and
a brief concluding that the appeal is wholly frivolous and without merit. The brief
meets the requirements of Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396,
1400 (1967), by presenting a professional evaluation of the record and demonstrating
why there are no arguable grounds of error to be advanced. See High v. State, 573
S.W.2d 807, 811 (Tex. Crim. App. 1978); Moore v. State, 845 S.W.2d 352, 353 (Tex.
App.—Houston [1st Dist.] 1992, pet. ref’d).
          Counsel certified that the brief was delivered to appellant, who was advised of
his right to examine the appellate record and file a pro se brief. See Stafford v. State,
813 S.W.2d 503, 510 (Tex. Crim. App. 1991). Appellant exercised his right to file
a pro se brief and argues on appeal that (1) the evidence was insufficient to support
the jury’s verdict, and (2) his sentence is void. Although the State initially waived
its right to respond to the Anders brief, it has filed a response to appellant’s brief.
Sufficiency of the Evidence
          In point of error one, appellant contends the evidence is legally and factually
insufficient to support the jury’s verdict.


 The crux of his argument is that the
evidence is insufficient because the arresting officer did not find either drugs or
money on appellant’s person, a lot of activity was occurring at the time, and appellant
did not resist arrest.
          Standards of Review
          In reviewing legal sufficiency, we view the evidence in the light most favorable
to the verdict and ask whether a rational trier-of-fact could find the essential elements
of the crime beyond a reasonable doubt. King v. State, 29 S.W.3d 556, 562 (Tex.
Crim. App. 2000); Valencia v. State, 51 S.W.3d 418, 423 (Tex. App.—Houston [1st
Dist.] 2001, pet. ref’d). 
          In reviewing factual sufficiency, we examine all the evidence neutrally and ask
whether proof of guilt is so obviously weak as to undermine confidence in the jury’s
determination or so greatly outweighed by contrary proof as to indicate that a
manifest injustice has occurred. Zuliani v. State, No. 1168-01, slip op. at 6 (Tex.
Crim. App. Feb. 5, 2003); King, 29 S.W.3d at 563; Valencia, 51 S.W.3d at 423. 
While conducting our analysis, if there is probative evidence supporting the verdict,
we must avoid substituting our judgment for that of the trier-of-fact, even when we
disagree with the determination. King, 29 S.W.3d at 563. The trier-of-fact is the sole
judge of the weight and credibility of the witnesses’ testimony. Johnson v. State, 23
S.W.3d 1, 7 (Tex. Crim. App. 2000). The fact finder may reasonably infer facts from
the evidence before it, credit the witnesses if it cares to, disbelieve any or all of the
testimony proffered, and weigh the evidence in the manner it chooses. Bruno v. State,
922 S.W.2d 292, 293 (Tex. App.—Amarillo 1996, no pet.). 
          Evidence Adduced at Trial
          Alvarez told appellant that he wanted to buy crack cocaine and appellant said
he could get it. Alvarez paid appellant $20, appellant went into a nearby apartment,
and appellant hand-delivered a rock of crack cocaine to Alvarez. Bufkin saw Alvarez
and appellant together but did not witness the actual transfer. For safety reasons,
Alvarez did not go into the apartment with appellant. He also did not note which
apartment appellant entered. A search of appellant after his arrest did not produce
either the marked money or drugs.
          The record reveals two discrepancies. First, during direct examination, Alvarez
described a chaotic scene: “[T]here was so much activity, so much traffic there,
everybody was like, you want a twenty, you want a twenty.” On re-cross-examination, when asked “When you were walking through the complex, everybody
comes up to you, there was [sic] two people saying buy mine, no buy mine?” Alvarez
responded, “It was just [appellant] and another Hispanic guy.” Second, Alvarez
testified that he gave appellant the money, then appellant delivered the cocaine. 
However, the official offense report indicates that appellant gave Alvarez the cocaine,
then Alvarez gave appellant the money. Bufkin acknowledged this differing
sequence of events and agreed that the offense report is crucial. Alvarez suggested
Bufkin simply misunderstood which event occurred first. The report was not
admitted into evidence.
          The State contends that appellant completed an actual transfer when he took
the money and hand-delivered the drugs. We agree. The term “actual transfer” is not
defined for purposes of the Controlled Substances Act. Nevarez v. State, 767 S.W.2d
766, 768 (Tex. Crim. App. 1989). When statutory terms or phrases are not defined,
they are ordinarily given their plain meaning without regard to distinction between
construction of penal laws and laws on other subjects, unless the act clearly shows
that they were used in some other sense. Id. An “actual transfer” consists of
“transferring the real possession and control of a controlled substance from one
person to another person.” Id. No matter how few or many people were at the scene, 
that fact does not undermine Alvarez’s testimony that appellant was the person who
actually transferred the possession and control of the cocaine to him or Bufkin’s
observation of Alvarez and the appellant together. In addition, all three officers
testified that appellant was the only African-American male in the vicinity and that
he was wearing a distinctive striped shirt. Likewise, whether payment preceded or
followed the drug delivery is immaterial. No matter the order of the exchanges, the
money was paid and the cocaine was handed over. Moreover, there was testimony
that appellant took the money, went into an apartment, and returned with the cocaine. 
The jury could reasonably have concluded that appellant left the marked $20 bill in
the apartment from which he obtained the cocaine.
          As the State notes, the presence of drugs or money on a defendant’s person is
not an element of the offense of delivery, nor is corroborating testimony necessary
to support a conviction. See Allen v. State, 39 S.W.2d 428, 430-31 (Tex.
App—Houston [1st Dist.] 2001, no pet.). The jury was entitled to believe the
officers’ testimony despite the discrepancies, and it evidently did so. We hold that
the jury could rationally have found the essential elements of the crime beyond a
reasonable doubt and that the proof of guilt is not so obviously weak as to undermine
confidence in the jury’s determination or so greatly outweighed by contrary proof as
to indicate that a manifest injustice has occurred. 
          We overrule point of error one.
Punishment Enhancement
          In point of error two, appellant contends his sentence is void because his non-aggravated state jail felony could not be enhanced by his previous offenses. 
Specifically, he contends that, because he was not previously convicted of any felony
listed in article 42.12, section 3g(a)(1) of the Code of Criminal Procedure, his
punishment was unlawfully enhanced. Tex. Code Crim. Proc. Ann. art. 42.12 §
3g(a)(1) (Vernon Supp. 2003); Tex. Pen. Code Ann. § 12.35(c)(2)(A) (Vernon 1994)
(providing that person found guilty of state jail felony shall be punished for third
degree felony if person has been convicted of any felony listed in article 42.12,
section 3g(a)(1)). Appellant is mistaken in this belief because the punishment
enhancement permitted by Section 12.35(c)(2)(A) is not the only manner in which a
defendant’s punishment may be enhanced. 
          Although it is true that appellant had not been convicted of a section 3g(a)(1)
felony, he had two prior felony convictions and the jury found both enhancement
paragraphs true, one for unauthorized use of a motor vehicle and the other for
possession of cocaine. The statute applicable here is not section 12.35, as appellant
argues, but section 12.42. Tex. Pen. Code Ann. § 12.42(a)(2) (Vernon Supp. 2003). 
 

          This portion of section 12.42 provides:
If it is shown on the trial of a state jail felony punishable under Section
12.35(a) that the defendant has previously been finally convicted of two
felonies, and the second previous offense felony conviction is for an
offense that occurred subsequent to the first previous conviction having
become final, on conviction the defendant shall be punished for a
second-degree felony.

Id. Appellant was convicted of the felony of unauthorized use of a motor vehicle in
1991. After that conviction became final, appellant was convicted of the felony of
possession of cocaine in 1994. Accordingly, he was subject to punishment under
section 12.42(a)(2) for a second-degree felony. The punishment range for a second
degree felony is not more than 20 years nor less than two years. Id. § 12.33(a)
(Vernon 1994). Appellant was sentenced to 15 years in prison. Therefore, we hold
that appellant’s sentence was properly enhanced and the sentence was lawful.
          We overrule point of error two.
Conclusion
          Our review of the record reveals no other arguable grounds for appeal—voir
dire was extraordinarily thorough, counsel filed appropriate motions and lodged
reasonable objections, and there was no error in the jury charge. 
          We affirm the trial court’s judgment. 
          We grant counsel’s motion to withdraw.


 See Stephens v. State, 35 S.W.3d
770, 771 (Tex. App.—Houston [1st Dist.] 2000, no pet.). 
 




                                                             /s/ Evelyn V. Keyes
                                                             Justice


Panel consists of Justices Taft, Keyes, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).