Opinion issued July 17, 2003













In The

Court of Appeals

For The

First District of Texas

____________


NOS. 01-02-00388-CR

 01-02-00389-CR

____________


MARTIN HERNANDEZ, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 230th District Court

Harris County, Texas

Trial Court Cause Nos. 880022 and 897155






MEMORANDUM OPINION

 Appellant, Martin Hernandez, pleaded guilty to injury to a child and
unlawful restraint. He also pleaded true to the allegations in an enhancement
paragraph. After the preparation of a presentence investigation report, the trial court
sentenced appellant to confinement for 15 years in each case. We affirm.

 Appellant's court-appointed counsel filed a brief concluding that the
appeals are wholly frivolous and without merit. The brief meets the requirements of
Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967), by presenting
a professional evaluation of the record and demonstrating why there are no arguable
grounds of error to be advanced. See High v. State, 573 S.W.2d 807, 811 (Tex. Crim.
App. 1978); Moore v. State, 845 S.W.2d 352, 353 (Tex. App.--Houston [1st Dist.]
1992, pet. ref'd).

 The brief states that a copy was delivered to appellant, whom counsel
advised by letter of his right to examine the appellate record and file a pro se brief. 
See Stafford v. State, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991). More than 30
days have passed, and appellant has not filed a pro se brief. We have carefully
reviewed the record and counsel's brief. We find no reversible error in the record,
and agree that the appeals are wholly frivolous.

 We affirm the judgments of the trial court. (1)

 PER CURIAM


Panel consists of Justices Hedges, Nuchia, and Keyes.

Do not publish. Tex. R. App. P. 47.2(b).
1. Counsel has a duty to inform appellant of the result of this appeal and also to
inform appellant that he may, on his own, pursue discretionary review in the
Texas Court of Criminal Appeals. See Ex parte Wilson, 956 S.W.2d 25, 27
(Tex. Crim. App. 1997).