Opinion issued October 23, 2003











In The
Court of Appeals
For the
First District of Texas
____________

NO. 01-02-00420-CR
NO. 01-02-00421-CR
____________

WILBERT BRUCE WHITE, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 180th District Court
Harris County, Texas
Trial Court Cause Nos. 865941, 866817


 
 
MEMORANDUM OPINION
 
           A jury found Wilbert Bruce White, appellant, guilty of the offenses of aggravated
robbery and murder, both enhanced with two prior felony convictions. The jury assessed
punishment in both cases at life imprisonment. In two points of error, appellant argues that
(1) he was denied a fair trial because comments made by the trial court and prosecution
during voir dire caused unfair prejudice, and (2) he was denied effective assistance of
counsel at trial and appeal. We affirm.
           Counsel has filed an Anders brief stating that the appeal is frivolous and wholly
without merit. The brief meets the requirements of Anders v. California, 386 U.S. 738, 87
S. Ct. 1396 (1967), by presenting a professional evaluation of the record and detailing why
there are no arguable grounds for error to be advanced. See High v. State, 573 S.W.2d 807,
811 (Tex. Crim. App. 1978); Moore v. State, 845 S.W.2d 352, 353 (Tex. App.—Houston [1st
Dist.] 1992, pet. ref’d). Appellant has filed a brief on his own behalf.
Abuse of Discretion in Voir Dire
           In his first point of error, appellant claims he was denied a fair trial because the trial
court abused its discretion in reading the indictments during voir dire. Appellant claims that
this action prejudiced the jury. Additionally, appellant points to comments made by the trial
court during voir dire that he claims are improper and prejudicial. Specifically, appellant
asserts that (1) the trial court commented on appellant’s failure to testify; (2) the trial court
discussed the effect of prior convictions and punishment with the prospective jurors; (3) the
trial court commented on the heinousness of certain crimes as a reason for increased
punishment; (4) the trial court commented on prior criminal record and bad reputation as
reasons a defendant might not testify; (5) the trial court commented on the death penalty in
relation to the crimes for which appellant was being tried; (6) the trial court discussed parole
law in relation to the appellant’s crime; and (7) the trial court informed the jury that probation
is not an issue, alluding to the fact that appellant had a prior criminal record. Appellant
further asserts that the prosecutor made improper and prejudicial comments during voir dire,
namely, (1) the prosecutor told the panel that whatever sentences they give appellant will run
concurrently; (2) the prosecutor told the jury that both punishments will be the same and will
run the same; (3) the prosecutor commented on appellant’s failure to testify; (4) the
prosecutor alluded to the existence of appellant’s prior convictions.
           In order to preserve a complaint for appellate review, a timely request, objection, or
motion stating the grounds for the ruling sought by the complaining party must be made with
sufficient specificity to make the trial court aware of the complaint. Tex. R. App. P. 33.1(a). 
Nowhere does the record indicate an objection to any of the alleged errors of which appellant
now complains. Appellant failed to preserve these complaints for appeal and they are
therefore waived. Accordingly, we overrule appellant’s first point of error.
Ineffective Assistance of Counsel 
           In his second point of error, appellant claims he was denied effective assistance of
counsel at both the trial and appellate stages. Specifically, appellant claims his trial counsel
was ineffective in that (1) trial counsel failed to investigate the charges made against
appellant by failing to have fingerprint tests performed on shotgun shells recovered from the
crime scenes, (2) trial counsel failed to move for severance of the two charges, (3) trial
counsel failed to present a proper argument during a Batson hearing objecting to the State’s
peremptory strikes,


 (4) trial counsel failed to object to the numerous comments of the trial
court and prosecutor noted above, as well as comments made by the prosecutor during
closing argument. 
           Appellant’s assertions regarding the ineffective assistance of his appellate counsel are
that his appellate counsel failed to recognize the errors that would give rise to an appeal and,
further, has filed an Anders brief.
           The standard of review in ineffective assistance of counsel claims is that appellant
must show that (1) counsel’s performance was deficient and (2) the deficiency of counsel’s
performance caused prejudice to the defendant. See Strickland v. Washington, 466 U.S. 668,
687, 104 S. Ct. 2052, 2064 (1984); Cardenas v. State, 30 S.W.3d 384, 391 (Tex. Crim. App.
2000). Such claims must be firmly founded in the record, and the record must affirmatively
demonstrate the alleged ineffectiveness. Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim.
App. 1999). There is a strong presumption that counsel’s conduct fell within the wide range
of reasonable professional assistance. Strickland, 466 U.S. at 689, 104 S.Ct. at 2065; Bone
v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). 
           Appellant provides us with nothing in the record to rebut the presumption of
reasonable professional assistance of trial counsel. The record gives no indication of the
strategy or reasons behind the decisions of appellant’s counsel. This court will not engage
in speculation about counsel’s reasons or strategy. See Bone, 77 S.W.3d at 835. As appellant
has failed to rebut the presumption of counsel’s reasonable professional assistance, his claim
of ineffective assistance of counsel at trial likewise fails. 
           Appellant’s assertion that appellate counsel was ineffective due to counsel’s failure
to note the errors that appellant believes are worthy of appeal and counsel’s filing of an 
Anders brief is not supported by the record. As this court has reviewed the record and found
that the errors indicated by the appellant lack merit, appellant’s counsel cannot be ineffective
for stating that those errors were meritless. Appellant failed to rebut the presumption of his
appellate counsel’s reasonable professional assistance. We overrule appellant’s second point
of error.Motion to Withdraw
           Appellant’s court-appointed counsel filed a motion to withdraw as counsel and a brief
concluding that the appeal is wholly frivolous and without merit. The brief states that a copy
was delivered to appellant, whom counsel advised by letter of appellant’s right to examine
the appellate record and file a pro se brief. See Stafford v. State, 813 S.W.2d 503, 510 (Tex.
Crim. App. 1991). We have carefully reviewed the record, counsel’s brief, and appellant’s
brief. We find no reversible error in the record, and agree that the appeal is wholly frivolous.
           We grant counsel’s motion to withdraw.


 See Stephens v. State, 35 S.W.3d 770, 771
(Tex. App.—Houston [1st Dist.] 2000, no pet.). 
 
 
 
CONCLUSION
           We affirm the judgment of the trial court.
 
 
                                                                  Sam Nuchia
                                                                  Justice
 
 
Panel consists of Justices Hedges, Nuchia, and Higley.
Do not publish. Tex. R. App. P. 47.2(b).