Opinion issued April 29, 2004















In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-02-01317-CR
____________

DANIEL PAUL CAMPBELL, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 272nd District Court
Brazos County, Texas
Trial Court Cause No. 28,886-272



 
MEMORANDUM OPINION
               Appellant, Daniel Paul Campbell, pleaded guilty to bail jumping and was
sentenced to confinement for 10 years. The trial court suspended the sentence, 
placed appellant on community supervision for five years, and imposed a fine of
$1000. The State filed a motion to revoke community supervision to which appellant
entered a plea of not true. After a hearing, the trial court found the allegations in the
State’s motion to be true, and sentenced appellant to confinement for 10 years. 
Appellant filed a timely notice of appeal. We affirm.

               Appellant’s court-appointed counsel filed a motion to withdraw as counsel
and a brief concluding that this appeal is without merit. Counsel’s brief meets the
requirements of Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967),
by presenting a professional evaluation of the record that demonstrates the lack of
arguable grounds of error. See High v. State, 573 S.W.2d 807, 811 (Tex. Crim. App.
1978); Moore v. State, 845 S.W.2d 352, 353 (Tex. App.—Houston [1st Dist.] 1992,
pet. ref’d).

               Counsel represents that he served a copy of the brief on appellant. Counsel
also advised appellant of his right to examine the appellate record and file a pro se
brief. See Stafford v. State, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991). More than
30 days have passed, and appellant has not filed a pro se brief. We have carefully
reviewed the record and counsel’s brief. We find no reversible error in the record,
and agree that the appeal is without merit.

               We do find nonreversible error in the judgment, however. It reads that
appellant entered a plea of “true.” We may correct and modify the judgment of a trial
court to make the record speak the truth when we have the necessary data and
information to do so, or to make any appropriate order as the law and nature of the
case may require. See Campbell v. State, 900 S.W.2d 763, 773 (Tex. App.—Waco
1995, no pet.); Tex. R. App. P. 43.2(b), 43.6. Accordingly, we modify the trial court’s
judgment to read that appellant entered a plea of “not true.”

               We affirm the judgment of the trial court, as modified.

               We grant counsel’s motion to withdraw.


 See Stephens v. State, 35 S.W.3d
770, 771 (Tex. App.—Houston [1st Dist.] 2000, no pet.). 

PER CURIAM

Panel consists of Justices Taft, Hanks, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).