Opinion issued August 31, 2004














In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-03-00980-CR
____________

COREY RAY POSEY, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 209th District Court
Harris County, Texas
Trial Court Cause No. 824392



 
MEMORANDUM OPINION
               Appellant, Corey Ray Posey, was indicted for the offense of aggravated
robbery. The case was first assigned to a court having juvenile jurisdiction because
appellant was 16 years of age when the crime was committed. See Tex. Penal Code
Ann. § 8.07(b) (Vernon 2003 & Supp. 2004). The juvenile court waived jurisdiction
and the case was assigned to a criminal district court. See Tex. Fam. Code Ann.
§ 54.02(a)(2)(A) (Vernon 2002). Appellant pleaded guilty, and the trial court
deferred adjudication of guilt, placing appellant on community supervision for 10
years. The State subsequently filed a motion to adjudicate guilt to which appellant
pleaded not true. After a hearing, the trial court found that appellant had violated the
terms and conditions of his community supervision, found appellant guilty of
aggravated robbery, and assessed his punishment at confinement for 12 years. We
affirm the trial court’s judgment, as modified.

               Appellant’s court-appointed counsel filed a motion to withdraw as counsel
and a brief concluding that this appeal is without merit. Counsel’s brief meets the
requirements of Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967),
by presenting a professional evaluation of the record that demonstrates the lack of
arguable grounds of error. See High v. State, 573 S.W.2d 807, 811 (Tex. Crim. App.
1978); Moore v. State, 845 S.W.2d 352, 353 (Tex. App.—Houston [1st Dist.] 1992,
pet. ref’d).

               Counsel represents that she served a copy of the brief on appellant. Counsel
also advised appellant of his right to examine the appellate record and file a pro se
brief. See Stafford v. State, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991). More than
30 days have passed, and appellant has not filed a pro se brief. We have carefully
reviewed the record and counsel’s brief. We find no reversible error in the record,
and agree that the appeal is without merit.

               However, we do find nonreversible error in the judgment: it reads that
appellant entered a plea of “true,” and that there was a plea bargain agreement
between appellant and the State. We may correct and modify the judgment of a trial
court to make the record speak the truth when we have the necessary data and
information to do so, or to make any appropriate order as the law and nature of the
case may require. See Campbell v. State, 900 S.W.2d 763, 773 (Tex. App.—Waco
1995, no pet.); Tex. R. App. P. 43.2(b), 43.6. Accordingly, we modify the trial court’s
judgment to read that appellant entered a plea of “not true” without a plea bargain
agreement.

               We affirm the judgment, as modified.

               We grant counsel’s motion to withdraw.


 See Stephens v. State, 35 S.W.3d
770, 771 (Tex. App.—Houston [1st Dist.] 2000, no pet.). 

PER CURIAM

Panel consists of Justices Taft, Jennings, and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).