Opinion issued January 5, 2006



                













In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-04-01082-CR
____________

JOHNNY JOHNSON, Appellant 

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 184th District Court
Harris County, Texas
Trial Court Cause No. 841997



 
MEMORANDUM OPINION
               Appellant, Johnny Manuel Johnson, pleaded guilty to the offense of
aggravated sexual assault of a child with an agreed recommendation by the State as
to punishment. The trial court deferred adjudication of guilt and placed appellant on
community service probation for a period of 10 years. 

               On June 24, 2004, the State filed a motion to adjudicate guilt. On
September 16, 2004, the appellant pleaded true to the allegations in the motion to
adjudicate that he failed to participate in the Harris County Community Supervision 
 Corrections Department community service restitution program (CSRP) as ordered
by the court. Appellant signed under oath a written waiver of constitutional rights,
agreement to stipulate to evidence, and judicial confession. The document provided,
among other things that appellant violated his conditions of community supervision
in that he “didn’t go to community service as ordered” and that appellant intended to
enter a plea of true and the prosecutor will recommend that my punishment be 13
years Texas Department of Corrections. The plea agreement document was also
signed by appellant’s counsel, the prosecutor and the trial court.

               The trial court found the allegation to be true and adjudicated appellant
guilty. In accordance with appellant’s plea bargain agreement with the State, the trial
court then assessed punishment at confinement for 13 years. Appellant gave timely
notice of appeal. We affirm.

               Appellant’s court-appointed counsel filed a motion to withdraw as counsel
and a brief concluding that this appeal is without merit. Counsel’s brief meets the
requirements of Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967),
by presenting a professional evaluation of the record that demonstrates the lack of
arguable grounds of error. See High v. State, 573 S.W.2d 807, 811 (Tex. Crim. App.
1978); Moore v. State, 845 S.W.2d 352, 353 (Tex. App.—Houston [1st Dist.] 1992,
pet. ref’d).

               Counsel represents that he served a copy of the brief on appellant. Counsel
also advised appellant of his right to examine the appellate record and file a pro se
brief. See Stafford v. State, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991). More than
30 days have passed, and appellant has not filed a pro se brief. We have carefully
reviewed the record and counsel’s brief. We find no reversible error in the record,
and agree that the appeal is without merit. We therefore affirm the judgment of the
trial court.

               We grant counsel’s motion to withdraw.


 See Stephens v. State, 35 S.W.3d
770, 771 (Tex. App.—Houston [1st Dist.] 2000, no pet.). 

               Any pending motions are denied as moot.

PER CURIAM

Panel consists of Justices Taft, Keyes, and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).