Opinion issued May 11, 2006

     














In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00399-CR




JOHN W. COLEMAN, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 338th District Court
Harris County, Texas
Trial Court Cause No. 998406




MEMORANDUM OPINION

          A jury convicted appellant, John W. Coleman, of felony escape and assessed
his punishment at confinement for four years. 
          Appellant’s court-appointed counsel filed a motion to withdraw as counsel and
a brief in which she concludes that the appeal is wholly frivolous and without merit. 
The brief meets the requirements of Anders v. California, 386 U.S. 738, 744, 87 S.
Ct. 1396, 1400 (1967), in that it comprises a complete evaluation of the record and
addresses all possible grounds for appeal. See High v. State, 573 S.W.2d 807, 811
(Tex. App.—Houston [1st Dist.] 1992, pet. ref’d); Moore v. State, 845 S.W.2d 352,
353 (Tex. App.—Houston [1st Dist.] 1992, pet. ref’d).
          After an attorney files an Anders brief, which should be accompanied by a
motion to withdraw from the case, an appellant is afforded an opportunity to respond. 
Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Here, appellant filed
a pro se response in which he argues that: (1) he was denied his constitutional right
to a speedy trial; (2) his counsel was ineffective; (3) the indictment and complaint
against him were fatally defective; and (4) he is the target of a conspiracy entered into
by the trial court, prosecuting attorney, defense attorney at trial, and defense attorney
on appeal. Based on our review of the record, we affirm.BACKGROUND
          On May 27, 2004, appellant was an inmate at Pam Lyncher State Jail (“the
jail”). That day, appellant was assigned to work on a yard crew responsible for
maintaining grounds located outside the jail’s perimeter fence. Appellant’s work
crew was supervised by M. Kosar, an employee with the Texas Department of
Criminal Justice. Consistent with jail policy, Kosar temporarily left the work crew
unsupervised. Upon his return, Kosar was unable to locate appellant and notified the
jail’s warden that appellant was missing. Approximately 150 people began searching
for appellant, who eventually was found approximately two and a half hours after his
escape. At trial, appellant testified that he suffered from mental illness, was suicidal,
and had no recollection of escaping. 
DISCUSSION
          Appellant contends that his case presents various arguable issues on appeal,
including: (1) denial of the right to a speedy trial; (2) ineffective assistance of
counsel; (3) fatal defects in the indictment and complaint; and (4) conspiratorial
misconduct by the State and defense for the purpose of convicting and imprisoning
appellant. 
          When a court of appeals is confronted with an Anders brief and a pro se brief,
as is the case here, the court may (1) “determine that the appeal is wholly frivolous
and issue an opinion explaining that [the court has] reviewed the record and finds no
reversible error,” or “[the court] may determine that arguable grounds for appeal exist
and remand the cause to the trial court so that new counsel may be appointed to brief
the issues.” Bledsoe v. State, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). The
court should not specifically address the points of error raised in an appellant’s pro
se brief because doing so would potentially compromise the appellant’s right to
counsel in the event that appellant’s case is ultimately remanded by the Court of
Criminal Appeals. See id. at 827.
          Here, after carefully reviewing the record, we find no reversible error and hold
that the appeal is wholly frivolous. Id. at 826. CONCLUSION

          We affirm the judgment of the trial court and grant counsel’s motion to
withdraw.


 See Stephens v. State, 35 S.W.3d 770, 771 (Tex. App.—Houston [1st
Dist.] 2000, no pet.).


                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Nuchia, Keyes, and Hanks.
Do not publish. Tex. R. App. P. 47.4.