Opinion issued April 5, 2007 

 














In The

Court of Appeals

For The

First District of Texas


_______________


NOS. 01-06-00610-CR

 01-06-00611-CR

 01-06-00612-CR

_______________


BRIAN LYNELL MCGINNIS, Appellant


V.


THE STATE OF TEXAS, Appellee







On Appeal from the 183rd District Court

Harris County, Texas

Trial Court Cause Nos. 1056822, 1056823, and 1046983





 

MEMORANDUM OPINION

 Appellant, Brian Lynell McGinnis, pleaded guilty to three separate felony
offenses of aggravated robbery, without an agreed recommendation as to punishment
with the State, and the trial court assessed punishment at confinement in each case
for 20 years. We affirm.

 Appellant's court-appointed counsel filed a brief concluding that the appeal in
each case is wholly frivolous and without merit. The brief meets the requirements of
Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967), by presenting
a professional evaluation of the record and demonstrating why there are no arguable
grounds of error to be advanced. See High v. State, 573 S.W.2d 807, 811 (Tex. Crim.
App. 1978); Moore v. State, 845 S.W.2d 352, 353 (Tex. App.--Houston [1st Dist.]
1992, pet. ref'd).

 The brief states that a copy was delivered to appellant, whom counsel advised
by letter of his right to examine the appellate record for each case and file a pro se
brief. See Stafford v. State, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991). More than
30 days have passed, and appellant has not filed a pro se brief. We have carefully
reviewed the record and counsel's brief. We find no reversible error in the record,
and agree that the appeal in each case is wholly frivolous.

 We affirm the judgments of the trial court. (1)

 Any pending motions are denied as moot.

 PER CURIAM


Panel consists of Justices Taft, Alcala, and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).

1. Counsel has a duty to inform appellant of the result of the appeals and also to inform
appellant that he may, on his own, pursue discretionary review in the Texas Court of
Criminal Appeals. See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).