Opinion issued April 12, 2007 

 










In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-06-00281-CR

____________


JONATHAN LEE REAGINS, Appellant


V.


THE STATE OF TEXAS, Appellee







On Appeal from the 228th District Court

Harris County, Texas

Trial Court Cause No. 1034772





 

MEMORANDUM OPINION

 Appellant, Jonathan Lee Reagins, pleaded guilty to the felony offense of
aggravated robbery, without an agreed recommendation as to punishment with the
State, and the trial court assessed punishment at confinement for 20 years. We
affirm.

 Appellant's court-appointed counsel filed a brief concluding that the appeal is
wholly frivolous and without merit. The brief meets the requirements of Anders v.
California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967), by presenting a
professional evaluation of the record and demonstrating why there are no arguable
grounds of error to be advanced. See High v. State, 573 S.W.2d 807, 811 (Tex. Crim.
App. 1978); Moore v. State, 845 S.W.2d 352, 353 (Tex. App.--Houston [1st Dist.]
1992, pet. ref'd).

 The brief states that a copy was delivered to appellant, whom counsel advised
by letter of his right to examine the appellate record and file a pro se brief. See
Stafford v. State, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991). More than 30 days
have passed, and appellant has not filed a pro se brief. We have carefully reviewed
the record and counsel's brief. We find no reversible error in the record, and agree
that the appeal is wholly frivolous.

 We affirm the judgment of the trial court. (1)

 Any pending motions are denied as moot.

 PER CURIAM


Panel consists of Justices Nuchia, Keyes, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).

1. Counsel has a duty to inform appellant of the result of this appeal and also to inform
appellant that he may, on his own, pursue discretionary review in the Texas Court of
Criminal Appeals. See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).