Opinion issued July 19, 2007 







 




In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-06-00578-CR

____________


ALAN MARTINEZ, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 179th District Court 

 Harris County, Texas

Trial Court Cause No. 999597






MEMORANDUM OPINION

 Appellant, Alan Martinez, pleaded guilty to the offense of aggravated robbery
with an agreement from the State that his punishment would not exceed confinement
for 25 years. The trial court withheld a finding of guilt and ordered a presentence
investigation report. After a presentence investigation hearing, the trial court deferred
adjudication of guilt and placed appellant on community supervision for ten years. 
 The State subsequently filed a motion to adjudicate guilt to which appellant
pleaded true. Contemporaneously with his plea of true, appellant, appellant's
counsel, and the prosecutor signed a document styled stipulation of evidence that
included a judicial confession, and waiver of constitutional rights . The stipulation
included among others, the following statements: 

 I judicially confess that it is true that I violated the terms
and conditions of my probation and that the allegations in
the attached State's motion are true.


 I intend to enter a plea of true to the State's motion. 


 I understand that the prosecutor will recommend that I be
adjudicated guilty in this cause and my punishment should
be set without an agreed recommendation. 

 

 As part of my agreement with the prosecutor to plead true,
I do not agree to waive any right to appeal I may have
concerning any issue or claim in this case.


 Appellant wrote his initials beside each of the statements. After a hearing, the
trial court found to be true the State's allegation that appellant had violated the
conditions of his community supervision, and found appellant guilty of the original
charge. The trial court sentenced him to confinement for 18 years. We affirm.

 Appellant's court-appointed counsel filed a brief concluding that the appeal is
wholly frivolous and without merit. The brief meets the requirements of Anders v.
California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967), by presenting a
professional evaluation of the record and demonstrating why there are no arguable
grounds of error to be advanced. See High v. State, 573 S.W.2d 807, 811 (Tex. Crim.
App. 1978); Moore v. State, 845 S.W.2d 352, 353 (Tex. App.--Houston [1st Dist.]
1992, pet. ref'd).

 The brief states that a copy was delivered to appellant, whom counsel advised
by letter of his right to examine the appellate record and file a pro se brief. See
Stafford v. State, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991). More than 30 days
have passed, and appellant has not filed a pro se brief. We have carefully reviewed
the record and counsel's brief. We find no reversible error in the record, and agree
that the appeal is wholly frivolous.

 We affirm the judgment of the trial court and grant counsel's motion to
withdraw. (1) 

PER CURIAM


Panel consists of Justices Nuchia, Hanks, and Bland.

Do not publish. Tex. R. App. P. 47.2(b).









 

 
1. Appointed counsel still has a duty to inform appellant of the result of this
appeal and that she may, on her own, pursue discretionary review in the Texas
Court of Criminal Appeals. See Bledsoe v. State, 178 S.W.3d 824, 826-27
(Tex. Crim. App. 2005).