Opinion issued September 6, 2007 






 














In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-06-00599-CR

____________


BRENDA SANDOVAL, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 184th District Court 

Harris County, Texas

Trial Court Cause No. 1034288






MEMORANDUM OPINION

 Appellant, Brenda Sandoval, was convicted by a jury of the offense of assault
on a public servant. Following a punishment hearing to the jury, appellant was
sentenced to confinement for four years probated and placed on community
supervision. We affirm.

 Appellant's court-appointed counsel filed a motion to withdraw as counsel and
a brief concluding that this appeal is without merit. Counsel's brief meets the
requirements of Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967),
by presenting a professional evaluation of the record that demonstrates the lack of
arguable grounds of error. See High v. State, 573 S.W.2d 807, 811 (Tex. Crim. App.
1978); Moore v. State, 845 S.W.2d 352, 353 (Tex. App.--Houston [1st Dist.] 1992,
pet. ref'd).

 Counsel represents that he has served a copy of the brief on appellant. Counsel
also advised appellant of his right to examine the appellate record and file a pro se
brief. See Stafford v. State, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991). More than
30 days have passed, and appellant has not filed a pro se brief. Having reviewed the
record and counsel's brief, we agree that the appeal is frivolous and without merit and
that there is no reversible error. See Bledsoe v. State, 178 S.W.3d 824, 826-27(Tex.
Crim. App. 2005). 

 We affirm the judgment of the trial court and grant counsel's motion to
withdraw. (1) 

PER CURIAM


Panel consists of Justices Nuchia, Hanks, and Bland.

Do not publish. Tex. R. App. P. 47.2(b).









 
1. Appointed counsel still has a duty to inform appellant of the result of this appeal and
that she may, on her own, pursue discretionary review in the Texas Court of Criminal
Appeals. See Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).