Opinion issued October 8, 2009 

 



 







In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-08-00837-CR

____________


ERNEST LOVELL DAVIS, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 184th District Court

 Harris County, Texas

Trial Court Cause No. 392246






MEMORANDUM OPINION


 In May 1984, appellant, Ernest Lovell Davis, was convicted of aggravated
robbery and aggravated sexual assault, and his punishment was assessed at
confinement for 20 years and for life, respectively. This Court affirmed appellant's
convictions in 1985. See Davis v. State, Nos. 01-84-00326-CR & 01-84-00327-CR
(Tex. App.--Houston [1st Dist.] Sept. 12, 1985, pet. ref'd) (not designated for
publication). In July 2007, appellant filed a pro se motion for DNA testing, which the
trial court denied after a hearing. Appellant appeals from the denial of his motion for
post-conviction DNA testing. We affirm.

PROCEDURAL BACKGROUND


 Appellant's court-appointed counsel has filed a motion to withdraw as counsel
and a supporting brief concluding that this appeal is without merit. Counsel's brief
meets the requirements of Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396,
1400 (1967), by presenting a professional evaluation of the record that demonstrates
the lack of arguable grounds of error. See High v. State, 573 S.W.2d 807, 811 (Tex.
Crim. App. 1978); Moore v. State, 845 S.W.2d 352, 353 (Tex. App.--Houston [1st
Dist.] 1992, pet. ref'd). Appellant has filed a pro se response, in which he alleges that
the trial court erred in failing to consider all of the relevant evidence in determining
which evidence could be subjected to DNA testing.

ANDERS PROCEDURE


 Upon receipt of a motion to withdraw and brief from an appellant's
court-appointed attorney asserting that no arguable grounds for reversal on appeal
exist, we must determine that issue independently by conducting our own review of
the entire record. See Anders, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that
reviewing court--and not appointed counsel--determines, after full examination of
proceedings, whether case is "wholly frivolous"); Stafford v. State, 813 S.W.2d 503,
509 (Tex. Crim. App. 1991) (quoting Anders). In conducting our review, we consider
any pro se response that the appellant files to his appointed counsel's Anders brief. 
See Bledsoe v. State, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005).

 Our role in an Anders case is limited to determining whether arguable grounds
for appeal exist. See id. at 826-27. If we determine that arguable grounds for appeal
exist, we must abate the appeal and remand the case to the trial court to allow the
court-appointed attorney to withdraw. See id. at 827. The trial court must then either
appoint another attorney to present all arguable grounds for appeal or, if the
defendant wishes, must allow the defendant to proceed pro se in the appellate court. 
See id. We do not rule on the ultimate merits of the issues raised by the appellant in
his pro se response. Id. Rather, if we determine that there are arguable grounds for
appeal, the appellant is entitled to have new counsel appointed to address the merits
of the issues raised. Id. "Only after the issues have been briefed by new counsel may
[we] address the merits of the issues raised." Id.

 If, on the other hand, we determine from our independent review of the entire
record that the appeal is wholly frivolous, we may affirm the trial court's judgment
by issuing an opinion in which we explain that we have reviewed the record and have
found no arguable grounds for appeal. See id. at 826-27, 828. The holding that there
are no arguable grounds for appeal is subject to challenge through a petition for
discretionary review filed in the Court of Criminal Appeals. Id. at 827, 827 n.6. 

 In accordance with Anders and Bledsoe, we have reviewed the entire record,
appellant's appointed counsel's Anders brief, and appellant's pro se response to that
brief, and we conclude that no arguable grounds for reversal exist.

CONCLUSION


 We affirm the order of the trial court and grant appointed counsel's motion to
withdraw. Appointed counsel still has a duty to inform appellant of the result of this
appeal and that appellant may, on his own, pursue discretionary review in the Court
of Criminal Appeals. See Bledsoe, 178 S.W.3d at 826-27.


 Sherry Radack

 Chief Justice


Panel consists of Chief Justice Radack and Justices Bland and Massengale.


Do not publish. See Tex. R. App. P. 47.2(b).