Opinion issued August 26, 2004



In The

*Court of Appeals*

For The

*First District of Texas*

---

NO. 01-03-01294-CR

---

REYNALDO ARIZMENDEZ, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 248th District Court
Harris County, Texas
Trial Court Cause No. 948992

---

## MEMORANDUM OPINION

Appellant, Reynaldo Arizmendez, pleaded guilty to indecency with a child

and true to two enhancement paragraphs alleging prior felony convictions. After

preparation of a presentence investigation report, the trial court found appellant guilty of indecency with a child and assessed punishment at confinement for 30 years. We affirm.

Appellant's court-appointed counsel filed a motion to withdraw as counsel and a brief concluding that this appeal is without merit. Counsel's brief meets the requirements of *Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967), by presenting a professional evaluation of the record that demonstrates the lack of arguable grounds of error. *See High v. State*, 573 S.W.2d 807, 811 (Tex. Crim. App. 1978); *Moore v. State*, 845 S.W.2d 352, 353 (Tex. App.—Houston [1st Dist.] 1992, pet. ref'd).

Counsel represents that he served a copy of the brief on appellant. Counsel also advised appellant of his right to examine the appellate record and file a *pro se* brief. *See Stafford v. State*, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991). More than 30 days have passed, and appellant has not filed a *pro se* brief. We have carefully reviewed the record and counsel's brief. We find no reversible error in the record, and agree that the appeal is without merit.

We therefore affirm the judgment of the trial court.

We grant counsel's motion to withdraw.[1] *See Stephens v. State*, 35 S.W.3d 770, 771 (Tex. App.—Houston [1st Dist.] 2000, no pet.).

## PER CURIAM

Panel consists of Justices Nuchia, Alcala, and Higley.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[1] Counsel has a duty to inform appellant of the result of his appeal and also to inform him that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).