Opinion issued March 3, 2005














In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-03-00981-CR
____________

DAVID DWAYNE JACKSON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 174th District Court
Harris County, Texas
Trial Court Cause No. 905480



 
MEMORANDUM OPINION
               Appellant, David Dwayne Jackson, pleaded guilty to aggravated robbery
and the trial court deferred adjudication of guilt, placing appellant on community
supervision for eight years and assessing a fine of $500. The State subsequently filed
a motion to adjudicate guilt to which appellant pleaded not true. After a hearing, the
trial court found the allegations in the State’s motion to adjudicate to be true and
sentenced appellant to confinement for 15 years.

               Appellant’s court-appointed counsel filed a motion to withdraw as counsel
and a brief concluding that this appeal is without merit. Counsel’s brief meets the
requirements of Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967),
by presenting a professional evaluation of the record that demonstrates the lack of
arguable grounds of error. See High v. State, 573 S.W.2d 807, 811 (Tex. Crim. App.
1978); Moore v. State, 845 S.W.2d 352, 353 (Tex. App.—Houston [1st Dist.] 1992,
pet. ref’d).

               Counsel represents that he served a copy of the brief on appellant. Counsel
also advised appellant of his right to examine the appellate record and file a pro se
brief. See Stafford v. State, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991). More than
30 days have passed, and appellant has not filed a pro se brief. We have carefully
reviewed the record and counsel’s brief. We find no reversible error in the record,
and agree that the appeal is without merit. However, we do find non-reversible error.

               The judgment reads that the trial court assessed a fine of $500. The trial
court’s oral pronouncement of sentence did not include the fine. When there is a
conflict between the written judgment and the oral pronouncement, the oral
pronouncement controls. Taylor v. State, 131 S.W.3d 497, 502 (Tex. Crim. App.
2004). We may correct and modify the judgment of a trial court to make the record
speak the truth when we have the necessary data and information to do so, or to make
any appropriate order as the law and nature of the case may require. Id.; Campbell
v. State, 900 S.W.2d 763, 773 (Tex. App.—Waco 1995, no pet.); Tex. R. App. P.
43.2(b), 43.6. Accordingly, we modify the trial court’s judgment adjudicating guilt
to delete the fine.

               We affirm the judgment, as modified.

               We grant counsel’s motion to withdraw.


 See Stephens v. State, 35 S.W.3d
770, 771 (Tex. App.—Houston [1st Dist.] 2000, no pet.). 

PER CURIAM

Panel consists of Justices Nuchia, Jennings, and Alcala.

Do not publish. Tex. R. App. P. 47.2(b).