Opinion issued December 22, 2005









 
     


In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00603-CR




JOHN WAYNE KIRBY, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 185th District Court
Harris County, Texas
Trial Court Cause No. 94-8628




MEMORANDUM OPINION
          Appellant, John Wayne Kirby, pleaded guilty to aggravated robbery, and he
was sentenced to 35 years in prison.



          Appellant’s appointed counsel filed a brief stating that, in his opinion, “[t]his
appeal presents no issues with merit for review” and moved to withdraw. This brief
meets the requirements of Anders v. California


 by presenting a professional
evaluation of the record and concluding there are no arguable grounds of error on
appeal. Gainous v. State, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969); see also
Moore v. State, 845 S.W.2d 352, 353 (Tex. App.—Houston [1st Dist.] 1992, pet.
ref’d). Counsel advised appellant of his right to file a pro se brief. 
          In his pro se brief, appellant asserts that (1) his due process and equal
protection rights were violated because he was illegally indicted; (2) the evidence was
factually insufficient because the complainant committed perjury during the pre-sentence investigation (PSI) hearing; and (3) his trial counsel rendered ineffective
assistance of counsel. We hold that appellant has raised no arguable grounds for
appeal. Background
          On February 12, 2004, appellant pled guilty to the offense of aggravated
robbery. He faced a range of punishment from a minimum of five years to a
maximum of 99 years or life and/or a $10,000 fine. Tex. Pen. Code Ann. §29.03(b)
(Vernon 2003); Tex. Pen. Code Ann. § 12.32 (Vernon 2003). Appellant had no
prior felony convictions and was eligible for community supervision. Tex. Code
Crim. Proc. Ann. art. 42.12, § 5 (Vernon 2005). His plea was without an agreed
recommendation, and the trial court ordered a PSI hearing with a maximum
punishment of 45 years.
Due Process and Equal Protection Violations
          In his first issue, appellant argues that his due process rights under the Texas
and United States Constitutions were violated because his “indictment of aggravated
robbery is illegal and void without probable cause.” We disagree.
          Generally, an appellant must object at trial in order to preserve error for
appellate review. See Tex. R. App. P. 33.1(a)(1). However, appellate courts are
permitted to take notice of fundamental errors affecting substantial rights even though
they are not brought to the attention of the trial court. Jasper v. State, 61 S.W.3d
413, 420 (Tex. Crim. App. 2001) (referring to Tex. R. Evid. 103 (d)). Accordingly,
unless a trial court’s comments constitute fundamental error, a defendant must object
to preserve error on appeal. Id. at 421.
          Constitutional rights, including the right to due process, may be waived if the
proper request, objection, or motion is not asserted in the trial court. See Solis v.
State, 945 S.W.2d 300, 301 (Tex. App.—Houston [1st Dist.] 1997, pet. ref’d) (noting
that almost every constitutional and statutory right may be waived by failing to object
in the trial court). The failure to make a specific objection at trial waives a party’s
complaint on appeal. Curry v. State, 910 S.W.2d 490, 496 (Tex. Crim. App. 1995).
          Appellant argues that his indictment is “illegal and void without probable
cause” and is in violation of his due process and equal protection rights because he
was never arraigned on the charge of aggravated robbery. Appellant was originally
arraigned under the charge of burglary with intent to commit a felony. However,
contrary to appellant’s statement in his brief, he was later indicted under the charge
of aggravated robbery. We hold that this argument has been waived because
appellant failed to make a specific objection regarding the indictment in the trial
court. See Tex. R. App. P. 33.1; Curry, 910 S.W.2d at 496. Furthermore, had it not
been waived, this argument is refuted by the record.
          Appellant also claims that he was denied due process because he was not given
a grand jury hearing. This claim is likewise unsupported by the record. Appellant’s
case was heard by the grand jury on July 21, 2003. It was this grand jury that indicted
appellant for the felony charge of aggravated robbery. We hold that this argument,
too, is without merit. 
          We conclude that appellant’s first issue does not raise an arguable ground for
appeal.
 
Factual Sufficiency
          In his second issue, appellant argues that the evidence against him was
factually insufficient to support his guilt. Appellant contends that the complainant
committed aggravated perjury, and; therefore, her testimony cannot be used to
support his conviction.
          In conducting the factual sufficiency review, we must also employ appropriate
deference to the fact finder so that we do not substitute our judgment for that of the
fact finder. Zuniga v. State, 144 S.W.3d 477, 482 (Tex. Crim. App. 2004). Our
evaluation should not intrude upon the fact finder’s role as the sole judge of the
weight and credibility given to any witness’s testimony. Cain v. State, 958 S.W.2d
404, 407 (Tex. Crim. App. 1997). What weight to be given to contradictory
testimonial evidence is within the sole province of the fact finder because it turns on
an evaluation of credibility and demeanor. Id. at 408–09.
              In conducting a factual sufficiency review, we must discuss the evidence that,
according to appellant, most undermines the trier of fact’s verdict. In this case,
appellant’s complaints are largely related to instances where he claims the witness’s
testimony is inconsistent. He argues, “[the complainant] is not a credible witness
because she has constantly lied or committed perjury.” The fact finder is entitled to
judge the credibility of the witnesses and may choose to believe all, some, or none of
the testimony presented. Id. at 407 n.5. 
          Appellant claims that the complainant gave inconsistent stories when
questioned on the incident. Specifically, he notes that, in the complainant’s first
statement, she said that she was stabbed and raped. However, in later testimony, she
only claimed that she was beaten and stabbed, not raped. Appellant argues that,
because of these inconsistencies, the complainant’s testimony cannot be used to
support his conviction.
          Here, the witness’s statements support the indictment’s allegations and all
elements of the charged offense. They show that appellant entered the witness’s
residence, committed a robbery, and used or exhibited a deadly weapon in the
commission of the crime. Furthermore, appellant admitted to all of the elements of
aggravated robbery during his PSI hearing.


 Appellant testified to being inside the
complainant’s residence, stealing her personal property, and stabbing her with a knife. 
Having viewed all of the evidence in a neutral light, we hold that the evidence was
factually sufficient to support the conviction.
          We conclude that appellant’s second issue does not raise an arguable ground
for appeal.
Ineffective Assistance of Counsel
          In his third issue, appellant contends that his appointed trial counsel rendered
ineffective assistance because she failed to: (1) “adequately investigate and perform
a[n] independent investigation of facts of defendant’s case;” (2) personally interview
appellant; (3) file a motion to suppress; (4) obtain an appointed investigator; (5)
prevent evidence from being destroyed; (6) have grand jury, evidentiary, or discovery
hearings; (7) get photos of the complainant’s door


; and (8) present any type of
defense. 
          The standard of review for evaluating claims of ineffective assistance of
counsel is set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052
(1984). Appellant must show that (1) counsel’s performance was so deficient that he
was not functioning as acceptable counsel under the Sixth Amendment, and (2) but 
for counsel’s error, the result of the proceedings would have been different. Id. at
687-88, 104 S. Ct. at 2064; Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.—Houston
[1st Dist.] 1996, no pet.).
          Effective assistance of counsel does not mean errorless counsel. See Saylor v.
State, 660 S.W.2d 822, 824 (Tex. Crim. App. 1983). In determining whether counsel
was ineffective, we consider the totality of the circumstances of the particular case. 
Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). It is the appellant’s
burden to prove ineffective assistance of counsel. Strickland, 466 U.S. at 687, 104
S. Ct. at 2064. There is a strong presumption that counsel’s performance fell within
the wide range of reasonable professional assistance. Id. at 689, 104 S. Ct. at 2065. 
To prevail on an ineffective assistance of counsel claim, the appellant must overcome
the presumption that, under the circumstances, the challenged action might be
considered sound trial strategy. Id. 
          In this case, appellant presents many arguments that his trial counsel did not
adequately investigate his case or take other actions that would have helped his case. 
Assertions of ineffective assistance of counsel must be firmly founded in the record. 
Bone v. State, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002). In the absence of a record
reference concerning counsel’s reasoning, we must generally presume that appellant’s
trial counsel had a plausible reason for his actions. Thompson, 9 S.W.3d at 814. 
          Here, there is no evidence in the record showing counsel’s reasons for not
investigating certain aspects of appellant’s case, not calling certain witnesses, or not
introducing certain evidence at the PSI hearing. In the absence of a record, we will
not speculate on counsel’s reasoning. Furthermore, appellant has not met his burden
of showing that, but for his counsel’s error, the result of the proceedings would have
been different. See Strickland, 466 U.S. at 687–88, 104 S. Ct. at 2064; Ex Parte
McFarland, 163 S.W.3d 743, 752 (Tex. Crim. App. 2005) (holding that, even if
appellant “can demonstrate that his counsel’s actions were objectively deficient, he
must still prove that their deficient performance prejudiced his defense.”). In this
case, appellant has not shown how his counsel’s behavior prejudiced his defense. 
          We conclude that appellant’s third issue does not raise an arguable ground for
appeal.
Conclusion
          After reviewing appellant’s pro se responses and conducting an independent
examination of the appellate record, we conclude that there are no arguable grounds
for appeal. Accordingly, we affirm the judgment of the trial court and grant appellate
counsel’s motion to withdraw. See Moore v. State, 466 S.W.2d 289, 291 (Tex. Crim.
App. 1971); Stephens v. State, 35 S.W.3d 770,771 (Tex. App.—Houston [1st Dist.]
2000, no pet.).
George C. Hanks, Jr.
                                                             Justice

Panel consists of Justices Taft, Keyes, and Hanks.

Do not publish. Tex. R. App. P. 47.4.