Opinion issued November 10, 2005 
     













In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00780-CR




JIM BATTLE BROWN, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 122nd District Court
Galveston County, Texas
Trial Court Cause No. 04CR0132




MEMORANDUM OPINION

          Appellant, Jim Battle Brown, was convicted by a jury of possession of cocaine
in the amount of one gram or more but less than four grams.


 The jury found the
enhancement paragraph alleging a prior conviction for possession of a controlled
substance true and assessed his punishment at six years’ confinement.
          Appellant’s court-appointed counsel filed a motion to withdraw as counsel and
a brief in which he concludes that the appeal is wholly frivolous and without merit. 
The brief meets the requirements of Anders v. California, 386 U.S. 738, 744, 87 S.
Ct. 1396, 1400 (1967), in that it comprises a complete evaluation of the record and
addresses all possible grounds for appeal. See High v. State, 573 S.W.2d 807, 811
(Tex. Crim. App. 1978); Moore v. State, 845 S.W.2d 352, 353 (Tex. App.—Houston
[1st Dist.] 1992, pet. ref’d).
          After an attorney files an Anders brief, which should be accompanied by a
motion to withdraw from the case, an appellant is afforded an opportunity to respond. 
Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). The court of appeals
must conduct its own investigation of the record to discover whether there are
arguable grounds on appeal. Id. Appellant filed a pro se response in which he argues
that the evidence presented at trial was insufficient to sustain his conviction. Based
on our review of the record, we affirm.
 
Background
          One evening in January 2004, while Sergeant Casso was patrolling the East
District of Galveston Island, he encountered appellant walking southbound on 27th
Street. Casso, knowing appellant by name and sight, remembered that another officer
had filed several traffic warrants for appellant’s arrest. After pulling over and
confirming this with the dispatcher, Casso relocated appellant on Avenue P. Casso
got out of his patrol car and told appellant to come over to him. As appellant turned
towards the officer, appellant dropped something onto the ground, which Casso
testified was a “beige, white-colored object.” Casso pretended not to see appellant
drop the object. He then arrested appellant for the outstanding warrants and placed
him in the patrol car. After Officer Teague arrived as backup, she and Casso went to
the spot where Casso had seen appellant drop something. They found two objects,
one wrapped in plastic, which tests later confirmed were two rocks of crack cocaine. 

Discussion
          In his only issue, appellant argues that the evidence presented at trial was
insufficient to sustain his conviction for possession of cocaine. Although he fails to
specify legal or factual insufficiency, we will review the record for both.
 
          Legal SufficiencyWhen an appellant challenges both the legal and factual sufficiency of the
evidence, we must first determine whether the evidence was legally sufficient to
support the verdict. Harmond v. State, 960 S.W.2d 404, 406 (Tex. App.—Houston
[1st Dist.] 1998, no pet.). We review the legal sufficiency of the evidence by viewing
the evidence in the light most favorable to the verdict to determine whether any
rational fact finder could have found the essential elements of the crime beyond a
reasonable doubt. Wesbrook v. State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000);
King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000).
          Intentionally or knowingly possessing a controlled substance is an offense
under the Texas Controlled Substance Act. See Tex. Health & Safety Code Ann. §
481.115(a) (Vernon 2003). To prove the offense of possession of a controlled
substance, the State must show that the accused (1) exercised actual care, custody,
control, or management of the controlled substance and (2) was conscious of his
connection with the controlled substance and knew what it was. See id. §§
481.002(38), 481.112(a) (Vernon 2003); Brown v. State, 911 S.W.2d 744, 747 (Tex.
Crim. App. 1995). These elements may be established by either direct or
circumstantial evidence. Id.
          When the accused is not in exclusive possession of the place where the
contraband is found, we cannot conclude that the accused had knowledge of and
control over the contraband unless the State established an “affirmative link” between
the accused and the contraband—i.e. independent facts and circumstances which
affirmatively link the accused to the contraband so as to suggest that the accused had
knowledge of the contraband and exercised control over it. Rhyne v. State, 620
S.W.2d 599, 601 (Tex. Crim. App. 1981); Roberson v. State, 80 S.W.3d 730, 735
(Tex. App.—Houston [1st Dist.] 2002, pet. ref’d). In other words, the State must
establish that the accused’s connection with the substance was more than just
fortuitous. Brown, 911 S.W.2d at 747.
          The Court of Criminal Appeals has identified several factors that may help to
establish an affirmative link between the accused and the contraband, including
whether: (1) the contraband was in plain view; (2) the contraband was conveniently
accessible to the accused; (3) the accused was the owner of the place where the
contraband was found; (4) the accused was the driver of the automobile in which the
contraband was found; (5) the contraband was found on the side of the car where the
accused was sitting; (6) the place where the contraband was found was enclosed; (7)
the odor of the drug found was present in the vehicle; (8) paraphernalia for use of the
contraband was in view of or found on the accused; (9) conduct by the accused
indicated a consciousness of guilt; (10) the accused had a special connection to the
contraband; (11) occupants of the vehicle gave conflicting statements about relevant
matters; (12) the physical condition of the accused indicated recent consumption of
the contraband found in the vehicle; and (13) affirmative statements by the accused
connect the accused to the contraband.


 Courts have also considered (14) traces of
the contraband found on the accused, (15) a large sum of money found on the
accused, and (16) the amount of contraband found. Whitworth v. State, 808 S.W.2d
566, 569 (Tex. App.—Austin 1991, pet. ref’d); Roberson, 80 S.W.3d at 740, 742;
Poindexter, 153 S.W.3d at 412. Although several factors relevant to establishing an
affirmative link may have been identified, the number of factors actually supported
by the evidence is not as important as the “logical force” they collectively create to
prove that a crime has been committed. Roberson, 80 S.W.3d at 735 (quoting
Whitworth, 808 S.W.2d at 569).
          Here, when Casso got out of his vehicle and told appellant to come to him,
appellant dropped a “beige, white-colored object” onto the ground that Casso, relying
on his experience, suspected was crack cocaine. Casso testified that appellant did this
in such a manner as to try to conceal the drop. After Casso arrested appellant for
outstanding warrants, he went over to the spot where appellant had dropped
something and found two objects, one wrapped in plastic. Tests later confirmed that
the objects were two rocks of crack cocaine. Remembering that it had rained earlier
in his shift, Casso noted that even though the grass was still wet, the rocks and the
plastic were dry, indicating to him that they had just been dropped on the ground. 
          Viewing all this evidence in the light most favorable to the verdict, we
conclude that the jury could have found beyond a reasonable doubt that appellant
exercised actual care, custody, control, or management of the cocaine and that he was
conscious of his connection with it, and knew it was cocaine. See Brown, 911 S.W.2d
at 747.
          We overrule the legal sufficiency portion of appellant’s sole point of error.
          Factual Sufficiency
           We begin the factual sufficiency review with the presumption that the evidence
supporting the jury’s verdict is legally sufficient. Clewis v. State, 922 S.W.2d 126,
135 (Tex. Crim. App. 1996). We view all the evidence in a neutral light, and we will
set aside the verdict only if the evidence is so weak that the verdict is clearly wrong
and manifestly unjust, or the contrary evidence is so strong that the standard of proof
beyond a reasonable doubt could not have been met. Escamilla v. State, 143 S.W.3d
814, 817 (Tex. Crim. App. 2004) (citing Zuniga v. State, 144 S.W.3d 477, 483 (Tex.
Crim. App. 2004)). Our evaluation may not intrude upon the fact finder’s role as the
sole judge of the weight and credibility to be accorded any witness’s testimony. Cain
v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). What weight to give to
contradictory testimonial evidence is within the sole province of the fact finder
because it turns on an evaluation of credibility and demeanor; the fact finder may
choose to believe all, some, or none of the testimony presented. Id. at 407–09. We
must defer appropriately to the fact finder to avoid substituting our judgment for its
judgment. Zuniga, 144 S.W.3d at 481–82.
          Here, we find no evidence presented at trial that could undermine the verdict. 
Thus, after neutrally examining all the evidence, we conclude neither that the proof
of guilt was so obviously weak as to undermine confidence in the jury’s
determination nor that the contradictory evidence was so strong that the standard of
proof beyond a reasonable doubt could not have been met. See Escamilla, 143
S.W.3d at 817.
          We overrule the factual sufficiency portion of appellant’s sole point of error.Conclusion
          We have carefully reviewed the record, counsel’s brief, appellant’s pro se brief,
and the State’s briefs. We conclude that appellant has not identified a truly arguable
ground on appeal.
          We grant counsel’s motion to withdraw.


 See Stephens v. State, 35 S.W.3d
770, 771 (Tex. App.—Houston [1st Dist.] 2000, no pet.).
          We affirm the judgment of the trial court.
 
Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Taft, Keyes, and Hanks.
Do not publish. Tex. R. App. P. 47.2(b).