Opinion issued March 30, 2006
     











In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00028-CR




DEANNDRA DARFOUR, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 179th District Court
Harris County, Texas
Trial Court Cause No. 974123




MEMORANDUM OPINION

          Appellant, Deandra Darfour, pleaded guilty to murder without an agreed
punishment recommendation. Following a pre-sentence-investigation (PSI), the trial
court assessed appellant’s punishment at 30 years’ confinement.
          Appellant’s court-appointed counsel filed a motion to withdraw as counsel and
a brief in which she concludes that the appeal is wholly frivolous and without merit. 
The brief meets the requirements of Anders v. California, 386 U.S. 738, 744, 87 S.
Ct. 1396, 1400 (1967), in that it comprises a complete evaluation of the record and
addresses all possible grounds for appeal. See High v. State, 573 S.W.2d 807, 811
(Tex. App.—Houston [1st Dist.] 1992, pet. ref’d); Moore v. State, 845 S.W.2d 352,
353 (Tex. App.—Houston [1st Dist.] 1992, pet. ref’d).
          After an attorney files an Anders brief, which should be accompanied by a
motion to withdraw from the case, an appellant is afforded an opportunity to respond. 
Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Here, appellant filed
a pro se response in which she argues that (1) her trial counsel was ineffective, (2) her
guilty plea was not entered freely, and (3) a fatal variance existed between the
indictment and the evidence presented at the sentencing hearing. Based on our
review of the record, we affirm.BACKGROUND
          Tyrone Butler was shot to death on July 21, 2000. Appellant was indicted for
Butler’s murder on March 11, 2004. The indictment reads, in pertinent part,
“[Appellant] did then and there unlawfully, intentionally, and knowingly cause the
death of Tyrone Butler by shooting Tyrone Butler with a deadly weapon, namely, a
firearm.” Appellant pled guilty to the indictment on September 1, 2004, entering a
written judicial confession without an agreed punishment recommendation. Prior to
signing her confession, appellant was admonished pursuant to article 26.13(d) of the
Texas Code of Criminal Procedure. See Tex. Code Crim. Proc. Ann. art. 26.13(d)
(Vernon 2003). The trial court found appellant guilty and, after a PSI, assessed her
punishment at 30 years’ confinement. 
DISCUSSION
          Appellant contends that her case presents the following three arguable issues
on appeal: (1) ineffective assistance of counsel; (2) an involuntary guilty plea; and (3)
a fatal variance between the indictment and the proof presented. 
          When a court of appeals is confronted with an Anders brief and a pro se brief,
as is the case here, the court may (1) “determine that the appeal is wholly frivolous
and issue an opinion explaining that [the court has] reviewed the record and finds no
reversible error,” or “[the court] may determine that arguable grounds for appeal exist
and remand the cause to the trial court so that new counsel may be appointed to brief
the issues.” Bledsoe v. State, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). The
court should not specifically address the points of error raised in an appellant’s pro
se brief because doing so would potentially compromise the appellant’s right to
counsel in the event that appellant’s case is remanded. See id. at 827.
          Here, after carefully reviewing the record, we find no reversible error and hold
that the appeal is wholly frivolous.


 Id. at 826. CONCLUSION

          We affirm the judgment of the trial court and grant counsel’s motion to
withdraw.


 See Stephens v. State, 35 S.W.3d 770, 771 (Tex. App.—Houston [1st
Dist.] 2000, no pet.).
 
                                                             Evelyn V. Keyes
                                                             Justice

Panel consists of Justices Nuchia, Keyes, and Hanks.

Do not publish. Tex. R. App. P. 47.4.