Opinion to issue December 7, 2006 


 











In The

Court of Appeals

For The

First District of Texas

 

____________


NO. 01-05-00298-CR

____________


JEREMIAS TIMOTHY WHITFIELD, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 232nd District Court

Harris County, Texas

Trial Court Cause No. 938639 






MEMORANDUM OPINION

 Appellant, Jeremias Whitfield, pleaded guilty to the offense of aggravated
sexual assault of a child. In accordance with a plea bargain agreement the trial court 
deferred a finding of guilt and placed appellant on seven years' deferred 
adjudication.

 A motion to adjudicate guilt was filed by the State. On March 4, 2005, a
hearing was held on the motion to adjudicate. Appellant pleaded not true to the
allegations contained in the State's motion to adjudicate. 

 The trial court found the allegations to be true, and adjudicated appellant
guilty of the offense of aggravated sexual assault of a child. After a punishment
hearing, the trial court sentenced appellant to confinement for 30 years. We affirm.

 Appellant's court-appointed counsel filed a motion to withdraw as counsel and a
brief concluding that this appeal is without merit. Counsel's brief meets the
requirements of Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967),
by presenting a professional evaluation of the record that demonstrates the lack of
arguable grounds of error. See High v. State, 573 S.W.2d 807, 811 (Tex. Crim. App.
1978); Moore v. State, 845 S.W.2d 352, 353 (Tex. App.--Houston [1st Dist.] 1992,
pet. ref'd).

 Counsel represents that she served a copy of the brief on appellant. Counsel
also advised appellant of his right to examine the appellate record and file a pro se
brief. See Stafford v. State, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991). More than
30 days have passed, and appellant has not filed a pro se brief.

 After this court receives an Anders brief from a defendant's court-appointed
attorney, who asserts that no arguable grounds for appeal exist, we review the record
to make an independent determination of that issue. Stafford v. State, 813 S.W.2d
503 , 511 (Tex. Crim. Ap. 1991). Initially, we review the record to determine if the
record substantiates the specific grounds for appeal identified in the certification of
right to appeal completed by the trial court. Next, we review the record to determine
whether the appeal is wholly frivolous and whether there are arguable grounds for
appeal. 

 We have carefully reviewed the record and counsel's brief. We find no
reversible error in the record and agree that the appeal is without merit. We therefore
affirm the judgment of the trial court.

 We grant counsel's motion to withdraw. (1) See Stephens v. State, 35 S.W.3d
770, 771 (Tex. App.--Houston [1st Dist.] 2000, no pet.). 

 Any pending motions are denied as moot.

PER CURIAM


Panel consists of Chief Justice Radack, and Justices Alcala and Bland.

Do not publish. Tex. R. App. P. 47.2(b).
1. Counsel has a duty to inform appellant of the result of his appeal and also to
inform him that he may, on his own, pursue discretionary review in the Texas
Court of Criminal Appeals. See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex.
Crim. App. 1997).