Opinion issued May 24, 2007 

 








In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-06-00437-CR

____________


JAMIE LYNN GIBSON, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 232nd District Court 

Harris County, Texas

Trial Court Cause No. 1043240






MEMORANDUM OPINION

 On May 1, 2007, appellant filed a petition for discretionary review. Pursuant
to Texas Rule of Procedure 50, and within 30 days of the filing of said petition, the
Court withdraws its opinion and judgment issued April 5, 2007 and issues this
corrected opinion.

 Appellant, Jamie Lynn Gibson, waived her right to a jury trial and entered a
plea of not guilty to the third degree felony offense of possession of a controlled
substance, namely cocaine. After a court trial, at which evidence was presented to the
court by both the State and the Defense, the trial court found appellant guilty of the
third degree felony offense of possession of a controlled substance. And after a
punishment hearing, the trial court pronounced punishment at confinement for three
years. (1) Appellant Gibson filed a pro se notice of appeal.

 The record reflects that the oral pronouncement of sentence was confinement
for three years. However, the trial court's judgment and docket sheet entry
incorrectly state that appellant was sentenced to confinement for two years. 

 The court of criminal appeals has held that when there is a variance between
the oral pronouncement of sentence and its written memorialization, the oral
pronouncement controls. See Coffey v. State, 979 S.W. 2d 326, 328 (Tex. Crim. App.
1998). In this appeal the trial court pronounced appellant's sentence as confinement
for three years. We may modify judgments to correct clerical errors if we have the
necessary information before us to do so. See Tex. R. App. P. 43.2(b); Nolan v. State,
39 S.W.3d 697, 698 (Tex. App.--Houston [1st Dist.] 2001, no pet.). Accordingly, 
we reform the trial court's judgment to reflect that appellant was sentenced to
confinement for three years. 

 Appellant's court-appointed counsel filed a motion to withdraw as counsel and
a brief concluding that this appeal is without merit. Counsel's brief meets the
requirements of Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967),
by presenting a professional evaluation of the record that demonstrates the lack of
arguable grounds of error. See High v. State, 573 S.W.2d 807, 811 (Tex. Crim. App.
1978); Moore v. State, 845 S.W.2d 352, 353 (Tex. App.--Houston [1st Dist.] 1992,
pet. ref'd).

 Counsel represents that she served a copy of the brief on appellant. Counsel
also advised appellant of her right to examine the appellate record and file a pro se
brief. See Stafford v. State, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991). More than
30 days have passed, and appellant has not filed a pro se brief. We have carefully
reviewed the record and counsel's brief. We find no reversible error in the record,
and agree that the appeal is without merit.

 We therefore affirm the judgment of the trial court, as hereinabove modified.

 We grant counsel's motion to withdraw. (2) See Stephens v. State, 35 S.W.3d
770, 771 (Tex. App.--Houston [1st Dist.] 2000, no pet.). 

 Any pending motions are denied as moot.

PER CURIAM


Panel consists of Justices Taft, Alcala, and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).
1. This Court has a duty to correct and reform a trial court judgment "to make the record speak the truth
when it has the necessary data and information to do so, or make any appropriate order as the law and nature
of the case may require." See Asberry v. State, 813 S.W.2d 526, 529 (Tex. App.--Dallas 1991, pet. ref'd)
(citing former rules of Appellate Procedure 80(b) & ©). We note that the record in this appeal contains
sufficient information to order reformation and we do that.
2. Counsel has a duty to inform appellant of the result of his appeal and also to inform
him that he may, on his own, pursue discretionary review in the Texas Court of
Criminal Appeals. See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).