Opinion issued June 7, 2007 







 



In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-06-00338-CR

____________


BOBBY DAVID PUNCH, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 177th District Court 

Harris County, Texas

Trial Court Cause No. 1036226






MEMORANDUM OPINION

 Appellant, Bobby David Punch, was convicted by a jury of aggravated robbery
and the trial court assessed punishment at confinement for 45 years. We affirm.

 Appellant's court-appointed counsel filed a motion to withdraw as counsel and
a brief concluding that this appeal is without merit. Counsel's brief meets the
requirements of Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967),
by presenting a professional evaluation of the record that demonstrates the lack of
arguable grounds of error. See High v. State, 573 S.W.2d 807, 811 (Tex. Crim. App.
1978); Moore v. State, 845 S.W.2d 352, 353 (Tex. App.--Houston [1st Dist.] 1992,
pet. ref'd).

 Counsel represents that he served a copy of the brief on appellant. Counsel
also advised appellant of his right to examine the appellate record and file a pro se
brief. See Stafford v. State, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991). More than
30 days have passed, and appellant has not filed a pro se brief. We have carefully
reviewed the record and counsel's brief. We find no reversible error in the record,
and agree that the appeal is without merit. We therefore affirm the judgment of the
trial court.

 We grant counsel's motion to withdraw. (1) See Stephens v. State, 35 S.W.3d
770, 771 (Tex. App.--Houston [1st Dist.] 2000, no pet.). 

 Any pending motions are denied as moot.

PER CURIAM


Panel consists of Justices Nuchia, Hanks, and Bland.

Do not publish. Tex. R. App. P. 47.2(b).
1. Counsel has a duty to inform appellant of the result of his appeal and also to
inform him that he may, on his own, pursue discretionary review in the Texas
Court of Criminal Appeals. See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex.
Crim. App. 1997).